**TA LEGAL GROUP PLLC**
Taimur Alamgir, Esq.
205 E Main Street, Ste. 3-2
Huntington, NY 11743
(914) 552-2669
(631) 942-7399
tim@talegalgroup.com
*Attorneys for Plaintiff, FLSA Collective Plaintiffs, and Class Members*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAIRO LOPEZ, *on behalf of himself,*<br>*FLSA Collective Plaintiffs, and Class Members*,<br><br>Plaintiff,<br><br>v.<br><br>GOMES CONTRACTING CORP.<br>AND MANUEL GOMES,<br><br>Defendants. | Case No.<br><br>**CLASS AND COLLECTIVE**<br>**ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Jairo Lopez ("Plaintiff"), by and through his undersigned counsel, alleges upon knowledge as to himself and his own acts and upon information and belief as to all other matters, as follows:

## CLAIMS

1.      Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., Plaintiff alleges and seeks to hold Defendants liable on behalf of himself and FLSA Collective Plaintiffs for unpaid overtime wages and liquidated damages.

2.      Pursuant to the New York Labor Law ("NYLL") and Rule 23 of the Federal Rules of Civil Procedure, Plaintiff alleges and seeks to hold Defendants liable on behalf of himself and Class Members for unpaid overtime wages, liquidated damages, statutory damages for failure to

provide wage notices in compliance with NYLL § 195(1), and statutory damages for failure to provide wage statements in compliance with NYLL § 195(3).

3.    Plaintiff further alleges, on his own behalf, retaliation in violation of NYLL § 215, disability discrimination in violation of the New York State Human Rights Law ("NYSHRL"), and retaliation in violation of the NYSHRL.

4.    Plaintiff seeks all legal and equitable remedies available under federal and New York law.

## JURISDICTION, VENUE, AND ADMINISTRATIVE PREREQUISITES

5.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337 because Plaintiff asserts claims under the FLSA.

6.    This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367 because those claims form part of the same case or controversy.

7.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

8.    At all relevant times, Defendants employed Plaintiff and other similarly situated workers within the meaning of the FLSA and the NYLL.

9.    At all relevant times, Defendants were an enterprise engaged in commerce within the meaning of the FLSA because, upon information and belief, their annual gross volume of sales made or business done was not less than $500,000, and their employees, including Plaintiff, handled goods and materials that had moved in interstate commerce.

10.    At all relevant times, the work performed by Plaintiff and similarly situated workers was directly essential to Defendants' business.

11.    Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## PARTIES

12.    Plaintiff Jairo Lopez is an individual residing in Nassau County, New York.

13.    Defendant Gomes Contracting Corp. is a corporation that operates a construction business headquartered in Mineola, New York.

14.    At all relevant times, Gomes Contracting Corp. employed Plaintiff and other non-exempt construction workers, set their compensation practices, assigned work, and derived the benefit of their labor.

15.    Defendant Manuel Gomes is, upon information and belief, an owner, officer, manager, and/or person with operational control over Gomes Contracting Corp.

16.    At all relevant times, Manuel Gomes exercised control over the terms and conditions of Plaintiff's employment and those of similarly situated workers, including by directing Plaintiff to return to work before he was medically cleared, deciding whether Plaintiff could continue working for Defendants, terminating Plaintiff when he sought to return to work in October 2025, and, upon information and belief, setting or causing to be set the day-rate method by which Plaintiff and similarly situated workers were paid, supervising or causing to be supervised their work schedules and conditions on Defendants' construction projects, and maintaining or causing to be maintained payroll and employment records.

17.    Manuel Gomes therefore functioned as an employer of Plaintiff for purposes of the FLSA, the NYLL, and the NYSHRL.

3

18.     Defendants acted directly and indirectly in the interest of one another with respect to Plaintiff's employment and are jointly and severally liable for the unlawful conduct alleged herein.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19.     Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all current and former non-exempt construction workers employed by Defendants during the maximum period permitted by law ("FLSA Collective Plaintiffs").

20.     Plaintiff and FLSA Collective Plaintiffs are similarly situated because they performed similar non-exempt construction work, were subject to common pay practices, and were denied overtime compensation pursuant to Defendants' common policies and practices.

21.     Throughout the relevant period, Plaintiff and FLSA Collective Plaintiffs had substantially similar job requirements and pay provisions.

22.     Defendants' unlawful practice of paying a day rate without overtime compensation applied to Plaintiff and, on information and belief, to other non-exempt construction workers employed by Defendants.

23.     The names, addresses, and other identifying information of FLSA Collective Plaintiffs are readily ascertainable from Defendants' records, and notice can be provided to FLSA Collective Plaintiffs by means approved by the Court.

## RULE 23 CLASS ACTION ALLEGATIONS

24.     Plaintiff brings his NYLL claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all current and former non-exempt construction workers employed by Defendants during the maximum period permitted by law ("Class Members").

25.    Plaintiff and Class Members are similarly situated because they performed similar non-exempt work, were paid pursuant to common compensation practices, and were subjected to common wage-and-hour policies.

26.    The precise number of Class Members is unknown to Plaintiff at this time but is readily ascertainable from Defendants' records, and joinder of all Class Members is impracticable.

27.    There are questions of law and fact common to the Class that predominate over any questions affecting only individual members.

28.    Common questions include, without limitation:

    i.    whether Defendants maintained a policy or practice of paying non-exempt construction workers a day rate without overtime compensation;

    ii.    whether Defendants failed to pay overtime wages for hours worked over forty in a workweek;

    iii.    whether Defendants failed to provide wage notices and wage statements in compliance with NYLL §§ 195(1) and 195(3);

    iv.    whether Defendants' violations were willful; and the proper measure of damages, statutory damages, liquidated damages, interest, fees, and costs.

29.    Plaintiff's claims are typical of the claims of Class Members. Plaintiff will fairly and adequately protect the interests of the Class and has no interests antagonistic to those of the Class.

30.    Plaintiff is represented by counsel experienced in wage-and-hour and employment litigation.

31.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the damages suffered by individual Class Members are relatively small compared to the burden and expense of individual litigation.

32.    Class treatment will conserve judicial resources and avoid the risk of inconsistent adjudications.

## STATEMENT OF FACTS

**Facts Relevant to Class and Collective Wage-and-Hour Claims**

28.    Plaintiff worked for Defendants as a construction worker from 2007 through April 19, 2025.

29.    Plaintiff regularly worked approximately 8 to 9.5 hours per day, 5 to 6 days per week, and approximately 40 to 55 hours per week.

30.    Plaintiff routinely worked in excess of 40 hours in a workweek.

31.    Throughout his employment, Plaintiff was paid at a day rate of approximately $200 per day regardless of the number of hours he worked in a week.

32.    FLSA Collective Plaintiffs and Class Members were similarly compensated at day rates.

33.    Defendants did not pay Plaintiff an overtime premium for hours worked over 40 in a workweek and therefore deprived Plaintiff of overtime compensation due for hours worked in excess of 40 in a workweek.

34.    Plaintiff never agreed that the day rate that he received would cover all overtime hours.

35.    On information and belief, Defendants applied the same or substantially similar pay practices to FLSA Collective Plaintiffs and Class Members, who routinely worked in excess of 40

hours per week and were deprived of overtime compensation for hours worked over 40 in a workweek.

36.    Plaintiff was not provided a wage notice in compliance with NYLL § 195(1), and Defendants also did not provide Plaintiff with wage statements in compliance with NYLL § 195(3).

37.    On information and belief, Class Members likewise were not provided wage notices or wage statements in compliance with New York law.

38.    By failing to provide compliant notices and statements, Defendants concealed or obscured the wages due and the methods by which compensation was calculated.

**Facts Relating to Disability Discrimination and Retaliation Claims**

34.    On April 19, 2025, Plaintiff suffered a construction accident while employed by Defendants and was injured. A heavy stone slab fell on Plaintiff because it was unsecured; Plaintiff suffered a fractured tibia and fibula, necessitating surgery.

35.    As a result of that accident, Plaintiff went out on leave.

36.    Plaintiff's injury constituted a disability within the meaning of the NYSHRL, and/or Defendants regarded Plaintiff as disabled.

37.    After Plaintiff went out on leave, Defendant Gomes demanded that Plaintiff return to work before Plaintiff's disability leave had ended and before Plaintiff was medically able to return.

38.    Plaintiff's doctor advised that Plaintiff was not fit to return to work, and Plaintiff did not return to work before he was medically cleared.

39.    In or about October 2025, after a period of leave and recovery, Plaintiff asked to return to work.

40.    When Plaintiff asked to return to work in October 2025, Defendants terminated him.

41.    Defendants terminated Plaintiff because of his disability, because they regarded him as disabled, because he required leave and recovery time following his injury, and because Plaintiff opposed and refused Defendants' effort to force him back to work before he was medically cleared.

42.    At termination Defendant Gomes expressly told Plaintiff that he was being terminated because Defendants believed him incapable of performing the job due to his disability status.

43.    Defendants' conduct caused Plaintiff to suffer lost wages, lost benefits, emotional distress, humiliation, and other damages.

44.    Plaintiff also seeks all available equitable relief, including reinstatement or, in the alternative, front pay.

## CAUSES OF ACTION

### Count I
### Collective-Wide Violation of the FLSA for Unpaid Overtime Wages
### (Against All Defendants on Behalf of Plaintiff and FLSA Collective Plaintiffs)

88.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

89.    At all relevant times, Defendants were employers engaged in commerce and/or the production of goods for commerce within the meaning of the FLSA.

90.    At all relevant times, Plaintiff and FLSA Collective Plaintiffs were employees covered by the FLSA.

91.     The FLSA requires employers to pay overtime compensation at one and one-half times the regular rate of pay for hours worked over forty in a workweek.

92.     Defendants knowingly and willfully failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation for hours worked over forty in a workweek.

93.     Defendants paid Plaintiff and, on information and belief, FLSA Collective Plaintiffs a day rate regardless of the number of hours worked, including weeks in which they worked more than forty hours.

94.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and FLSA Collective Plaintiffs suffered damages in the form of unpaid overtime wages.

95.     Defendants' violations were willful, entitling Plaintiff and FLSA Collective Plaintiffs to the maximum available recovery, liquidated damages, attorneys' fees, and costs.

***Count II***
***Rule 23 Class-Wide Violation of the NYLL for Unpaid Overtime Wages***
***(Against All Defendants on Behalf of Plaintiff and Class Members)***

96.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

97.     At all relevant times, Plaintiff and Class Members were employees within the meaning of the NYLL, and Defendants were employers within the meaning of the NYLL.

98.     Defendants knowingly and willfully failed to pay Plaintiff and Class Members overtime wages for hours worked over forty in a workweek.

99.     Defendants' failure to pay overtime violated the NYLL and the applicable wage orders.

100.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and Class Members suffered damages in the form of unpaid overtime wages, liquidated damages, interest, attorneys' fees, and costs.

### Count III
### Rule 23 Class-Wide Violation of NYLL § 195(1)
### Failure to Provide Wage Notices
### (Against All Defendants on Behalf of Plaintiff and Class Members)

100.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

101.    NYLL § 195(1) requires employers to provide employees wage notices containing required compensation-related information at the time of hiring and as otherwise required by law.

102.    Defendants failed to provide Plaintiff with a wage notice in compliance with NYLL § 195(1).

103.    On information and belief, Defendants likewise failed to provide Class Members with wage notices in compliance with NYLL § 195(1).

104.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and Class Members are entitled to recover statutory damages, attorneys' fees, costs, and such other relief as the law permits.

### Count IV
### Rule 23 Class-Wide Violation of NYLL § 195(3)
### Failure to Provide Wage Statements
### (Against All Defendants on Behalf of Plaintiff and Class Members)

104.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

105.    NYLL § 195(3) requires employers to furnish employees with accurate wage statements containing required compensation-related information with each payment of wages.

106.    Defendants failed to provide Plaintiff with wage statements in compliance with NYLL § 195(3).

107.    On information and belief, Defendants likewise failed to provide Class Members with wage statements in compliance with NYLL § 195(3).

108.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and Class Members are entitled to recover statutory damages, attorneys' fees, costs, and such other relief as the law permits.

### *Count V*
### *Retaliation in Violation of NYLL § 215*
### *(Against All Defendants on Behalf of Plaintiff Individually)*

109.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

110.    NYLL § 215 prohibits employers from discharging or otherwise retaliating against an employee because the employee complained about conduct prohibited by the Labor Law or sought to enforce rights protected by that law.

111.    On information and belief, Plaintiff engaged in protected activity under NYLL § 215 by complaining to Defendants during his employment that Defendants were not paying him overtime wages for hours worked in excess of forty in a workweek and were not providing the wage notices and wage statements required by New York law.

11

112.    Defendants were aware of Plaintiff's protected activity because Plaintiff's complaints were directed to Defendants and concerned Defendants' own pay, payroll, and wage-record practices.

113.    Defendants thereafter subjected Plaintiff to adverse action, including termination, motivated in whole or in part by retaliatory animus.

114.    As a direct and proximate result of Defendants' retaliation, Plaintiff suffered lost wages, lost benefits, emotional distress, attorneys' fees, costs, and other damages.

### *Count VI*
### *Disability Discrimination in Violation of the NYSHRL*
### *<u>(Against All Defendants on Behalf of Plaintiff Individually)</u>*

114.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

115.    Plaintiff suffered a disabling injury following his construction accident on April 19, 2025.

116.    Plaintiff was qualified to perform the essential functions of his job with a period of leave, recovery, and return to work once medically cleared.

117.    Defendants knew of Plaintiff's injury, medical condition, leave status, and inability to return before medical clearance.

118.    Defendants demanded that Plaintiff return to work before he was medically able to do so, and Plaintiff's doctor advised that Plaintiff was not fit to return to work.

119.    When Plaintiff sought to return to work in October 2025, Defendants terminated him instead of restoring him to employment.

120.    Defendants discriminated against Plaintiff because of his disability, because they regarded him as disabled, because he required leave associated with his disability, and/or because of a perceived inability to work during the recovery period.

121.    As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered lost wages, lost benefits, emotional distress, humiliation, and other compensatory damages.

122.    Defendants' conduct was intentional, willful, malicious, reckless, and in callous disregard of Plaintiff's rights, entitling him to punitive damages to the fullest extent permitted by law.

### Count VII
### Retaliation in Violation of the NYSHRL
### (Against All Defendants on Behalf of Plaintiff Individually)

123.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

124.    Plaintiff engaged in protected activity under the NYSHRL by opposing Defendants' effort to force him back to work before he was medically cleared, by asserting the need for leave and recovery because of his injury, and by seeking to return to work following his protected leave.

125.    Defendants were aware of Plaintiff's protected activity.

126.    Defendants thereafter terminated Plaintiff when he sought to return to work in October 2025.

127.    Defendants' termination of Plaintiff was causally connected to his protected activity.

128.   As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff suffered lost wages, lost benefits, emotional distress, humiliation, attorneys' fees where available, costs, and other damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

- Enter judgment in favor of Plaintiff, FLSA Collective Plaintiffs, and Class Members against Defendants;

- Certify this action as an FLSA collective action and authorize notice to similarly situated employees;

- Certify this action as a class action pursuant to Rule 23 and appoint Plaintiff as Class Representative and his counsel as Class Counsel;

- Award Plaintiff, FLSA Collective Plaintiffs, and Class Members all unpaid overtime wages found due;

- Award liquidated damages under the FLSA and the NYLL;

- Award statutory damages for Defendants' violations of NYLL § 195(1) and NYLL § 195(3);

- Award Plaintiff compensatory damages on his individual retaliation and disability-discrimination claims, including back pay, front pay, lost benefits, emotional distress damages, and all other available damages;

- Award punitive damages to the fullest extent permitted by law;

- Award equitable and injunctive relief, including reinstatement, or in the alternative front pay;

- Award pre-judgment and post-judgment interest as permitted by law;

14

- Award attorneys' fees, litigation expenses, and costs;

- Award such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: Huntington, NY
         August 11, 2026

**TA LEGAL GROUP PLLC**
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and Class Members.*

By: _____
    Taimur Alamgir, Esq.
    205 East Main Street, Suite 3-2
    Huntington, NY 11743
    (914) 552-2669
    tim@talegalgroup.com

15